■ VICTORIA LUNDIN et al., Respondents, v TOWN OF ISLIP et al., Appellants, et al., Defendant. [616 NYS2d 394] —In an action to recover damages of personal injuries, etc., the defendants Town of Islip and Brentwood Country Club appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Newmark, J.), dated May 18, 1992, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion for summary judgment

is granted, the complaint is dismissed insofar as asserted against the defendants Town of Islip and Brentwood Country Club, and the action against the remaining defendant is severed.

While she was playing golf at the Brentwood Country Club, a golf course owned and operated by the Town of Islip (hereinafter collectively the Town), the plaintiff Victoria Lundin was injured by a golf ball that had been played from another tee. In the complaint, the plaintiffs alleged that the injury was the result of the Town's negligence in the design and maintenance of the golf course.

The plaintiffs have failed to establish that the Town breached the duty of care owed to its patrons by a reasonably prudent golf course owner or operator *(see, McDonald v Huntington Crescent Club,* 152 AD2d 543). The record established that the injured plaintiff willingly assumed the risks consistent with participating in the sport of golf *(see, e.g., Maddox v City of New York,* 66 NY2d 270; *Arbegast v Board of Educ.,* 65 NY2d 161; *Radwaner v USTA Natl. Tennis Ctr.,* 189 AD2d 605; *Cuesta v Immaculate Conception R. C. Church,* 168 AD2d 411; *Hornstein v State of New York,* 30 AD2d 1012). Bracken, J. P., O'Brien, Santucci and Joy, JJ., concur.