Daniel LEMOVITZ, Plaintiff,

v.

**PINE RIDGE REALTY CORP., Defendant.**

Civ. No. 94–373–P–C.

United States District Court, D. Maine.

June 29, 1995.

As Amended July 5, 1995.

---

Eric Cote, Saco, ME, for plaintiff.

Jonathan W. Brogan, Anne M. Carney, Norman, Hanson & Detroy, Portland, ME, for defendant.

*AMENDED MEMORANDUM AND OR-
DER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDG-
MENT*

GENE CARTER, Chief Judge.

In this diversity action, Plaintiff Daniel Lemovitz seeks damages for personal injuries allegedly sustained as a result of being struck in the eye by a golf ball while walking on the golf course owned and operated by Defendant Pine Ridge Realty Corp. Now before the Court is Defendant's Motion for Summary Judgment (Docket No. 9) in which Defendant argues that Plaintiff has failed to raise a genuine issue of material fact regarding its liability for Plaintiff's injuries.

The Court of Appeals for the First Circuit has articulated the legal standard to be applied in deciding motions for summary judgment:

> [T]he movant must adumbrate 'an absence of evidence to support the nonmoving party's case.' *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). When that is accomplished, the burden shifts to the opponent to establish the existence of a fact issue which is both 'material,' in that it might affect the outcome of the litigation, *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Hahn v. Sargent,* 523 F.2d 461, 464 (1st Cir.1975), *cert. denied,* 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 754 (1976), and 'genuine,' in that a reasonable jury could, on the basis of the proffered proof, return a verdict for the opponent. *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510; *Oliver v. Digital Equipment Corp.,* 846 F.2d 103, 105 (1st Cir.1988). It is settled that the nonmovant may not rest upon mere allegations, but must adduce specific, provable facts demonstrating that there is a triable issue. 'The evidence illustrating the factual controversy cannot be conjectural or problematic; it must have substance in the sense that it limns differing versions of the truth which a factfinder must resolve at an ensuing trial' *Mack v. Great Atlantic and Pacific Tea Co.,* 871 F.2d 179, 181 (1st Cir.1989). As the Supreme Court has said:

> [T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or significantly probative, summary judgment may be granted.

*Anderson,* 477 U.S. at 249–50, 106 S.Ct. at 2510–11.

*Brennan v. Hendrigan,* 888 F.2d 189, 191–92 (1st Cir.1989). Accordingly, this Court will review the evidence presented on this motion in a light most favorable to Plaintiff, the nonmoving party here.

*I. FACTS*

Most of the essential facts of this case are not in dispute. Plaintiff, an avid and experi-

enced golfer, was playing golf on June 5, 1993, at the Old Orchard Beach Country Club ("the Club"), of which he was a member. The Club is owned and operated by Defendant. As Plaintiff was walking on the third fairway, he was struck in the eye by a golf ball hit by an unknown player.[1] Plaintiff did not hear anyone shout "fore" before he was hit. Plaintiff states in his supporting affidavit (Docket No. 16) that he is "certain" that the ball came from the fourth tee, which was approximately 150 feet from where Plaintiff was walking.

The Club's golf course was constructed in approximately 1920 and has been in operation since that time. No substantial changes have been made to the design of the third and fourth holes since the original construction. Defendant purchased the Club in 1986 and since that time has made only "aesthetic changes" to the golf course such as adding "pretty plants and flowers" and new grass. According to the deposition testimony of the parties' experts and written authorities submitted on this motion, it is recommended that the separation between the centerlines of play between two adjacent parallel holes on a flat, open course—as are the third and fourth holes at the Club—be at least 200 feet. The site plan submitted by Plaintiff on this motion indicates that the distance between the centerlines of play of the third and fourth holes varied. Plaintiff's "recreational safety" expert testified at his deposition that the distance between the "lines of play" of the third and fourth holes at the Club is only 178.9 feet, constituting a "significant drop in what the minimum distance [between the holes] should be." Deposition Testimony of Robert D. Buechner at 80.

## II. DISCUSSION

Although Plaintiff unquestionably seeks recovery from Defendant on a negligence theory, the specific standard of care asserted by Plaintiff is unclear. Plaintiff states in his response to Defendant's motion (Docket No. 15) that he agrees with Defendant's assertion that section 343A of the Restatement (Second) of Torts, which addresses premises liability arising from unsafe conditions on land, sets out the proper standard to be applied in this case. In the body of his argument in the response, however, he discusses only Defendant's potential liability for the allegedly defective design of the golf course. The Court addresses both theories of liability in this motion and concludes that, under either approach, Plaintiff has failed to generate a genuine issue of material fact.

■ First, regarding Plaintiff's argument that his injury was the result of a negligently designed golf course, Plaintiff cannot survive summary judgment since it is undisputed that Defendant did not design the course in 1920 and has not made any changes to the course during the time of its ownership and control of the course, beginning in 1986. Therefore, since Defendant did not design the course, it cannot be held liable for the course's negligent design.[2]

■ Although Defendant is not liable for the design of the golf course, it nonetheless could be subject to liability as the possessor and owner of the course "to use ordinary care to ensure that the premises are reasonably safe for invitees in the light of the totality of the existing circumstances." *Isaacson v. Husson College,* 297 A.2d 98, 103 (Me.1972). The standard to be applied here has been stated by the Maine Law Court as: "A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, *unless the possessor should anticipate the harm despite such knowledge or obviousness." Id.* at 105 (Me.1972) (emphasis in original) (quoting *Restatement (Second) of Torts* § 343A(1) (1965)). Plaintiff does not dispute that "the conditions which plaintiff alleges created an increased hazard on the third hole were obvious to the plaintiff." Plaintiff's Response at

1. Plaintiff states in his deposition that someone did come up to him and apologize for hitting him, but Plaintiff did not know the individual, the individual did not identify himself, and neither party presently knows the person's identity.

2. Defendant points out that Plaintiff could not seek a claim against the original designer either since the period of limitations for professional negligence against "design professionals" is "in no event ... more than 10 years after the substantial completion of the services provided." 14 M.R.S.A. § 752–A. In this instance, therefore, any claim of defective design could not have been filed later than 1930.

4 (quoting Defendant's Motion for Summary Judgment at 13–14). Plaintiff is also aware from his experience as a golfer that "golfers do not always know where a hit ball is going to go, that golfers do not always have control of golf balls, and that this is one of the dangers of playing golf." Defendant's Statement of Material Facts at ¶ 12. The Maine Law Court has observed that "[t]he game of golf presents a known hazard, balls, hit by golfers, that do not always travel in the intended direction, and which are capable of causing serious personal injury." *Baker v. Mid Maine Medical Center,* 499 A.2d 464, 467 (Me.1985).

■ Plaintiff has not articulated any basis for a finding that Defendant "should anticipate the harm despite such knowledge or obviousness," and this Court is unable to envision any such basis. This case fits under none of the examples presented in the Restatement's commentary regarding the circumstances which prevent a possessor of land from being relieved of her or his liability even when a danger is known or obvious. For example, there is no asserted basis to claim that Defendant should have anticipated the harm because "the possessor has reason to expect that the invitee's attention may be distracted, so he will not discover what is obvious, or will forget what he has discovered, or fail to protect himself against it." Restatement (Second) of Torts § 343A, Comment f, *quoted in Baker,* 499 A.2d at 467. Further, Defendant can be subject to liability only if it is shown that he "knows or by the exercise or reasonable care would discover the condition [on the land causing physical harm] and should realize that it involves an unreasonable risk of harm to invitees." *Re-statement (Second) of Torts,* § 343, *quoted in Isaacson,* 297 A.2d at 104. There is nothing in the record presented on this motion to suggest that Defendant had, or should have had, sufficient knowledge of the alleged hazard on the premises to trigger liability here.

■ Even if Plaintiff were able to demonstrate that Defendant breached a standard of care in the operation of the Club, Plaintiff has not hinted at any plausible theory of proximate cause in this case. There is nothing in the record presented in this motion to suggest that the distance of the third and fourth holes was either the "cause-in-fact" of Plaintiff's injuries or that the injuries were a reasonably foreseeable result of the golf course design.[3] *Clement v. United States,* 980 F.2d 48, 53 (1st Cir.1992) (citing *Brewer v. Roosevelt Motor Lodge,* 295 A.2d 647, 652 (Me.1972)). In short, Plaintiff has failed to demonstrate that the design or operation of the golf course was a "substantial factor" in bringing about his injury. *Id.* (quoting *Wing v. Morse,* 300 A.2d 491, 495 (Me.1973)).

The result here is consistent with many state cases addressing the liability of golf course owner for injuries to invitees from flying golf balls; such injuries are an inherent and unavoidable risk in the game of golf. *See, e.g., Campion v. Chicago Landscape Co.,* 295 Ill.App. 225, 14 N.E.2d 879, 883 (App.Ct. 1938) ("[T]he question presented is not whether defendant should have foreseen that an [injury from a flying golf ball] might happen, but rather whether the condition of the course operated by defendant unreasonably subjected plaintiff to damages and hazards over and above those commonly inherent in the game of golf."); *Baker v. Thibo-*

---

3. Plaintiff, in his Statement of Material Facts (Docket No. 15), states that "Plaintiff's recreational safety expert ... believes plaintiff's injury was proximately caused by the unsafe design of the 3rd and 4th holes." The asserted basis for that statement is portions of the expert's affidavit. A review of that affidavit, however, does not indicate whether Robert Buechner, Plaintiff's expert, even holds an opinion as to whether the design of the course was a cause-in-fact of Plaintiff's injuries. In his deposition, Buechner states that, had the holes been further apart, Plaintiff probably would have played his hole differently, but goes on to state that no matter where Plaintiff was standing, the holes were too close; "The point is that they should have been separated further." Buechner Deposition at 81. This statement rings of "[n]egligence in the air," *Palsgraf v. Long Island R. Co.,* 248 N.Y. 339, 162 N.E. 99, 102 (1928), and provides no assistance to the Court's causation analysis. The absence of a clear opinion on causation, along with the undisputed fact that Defendant has never received a report of a golfer, other than Plaintiff, having been struck by a miss-hit ball from the fourth hole while playing the third hole, compels the conclusion that the distance between the holes was not a foreseeable cause of Plaintiff's injury. *See* Defendant's Motion for Summary Judgment, Statement of Material Facts at ¶ 32.

*daux,* 470 So.2d 245, 248 (La.Ct.App.1985) (characterizing *Campion* as the leading case on this issue and relying on its reasoning); *Lundin v. Islip,* 207 A.D.2d 778, 616 N.Y.S.2d 394, 394 (1994) ("The record established that the injured plaintiff willingly assumed the risks consistent with participating in the sport of golf."); *Trauman v. City of New York,* 208 Misc. 252, 143 N.Y.S.2d 467, 470 (Sup.Ct.1955) (holding that the occurrence of a "sliced" or "hooked" ball going into an adjacent, parallel fairway is "one of the incidents of all [golf] courses, with which golfers generally are familiar."); *see generally* 53 A.L.R. 4th 282, §§ 4[d], 20[d] (1987 & Supp.1994).

### III.  CONCLUSION

Accordingly, the Court *GRANTS* Defendant's Motion for Summary Judgment.

So *ORDERED.*