■ GARY P. COMEAU et al., Respondents, v JAMES W. WRAY et al., Appellants. [659 NYS2d 347] —White, J. Appeal from an order of the Supreme Court (Best, J.), entered June 11, 1996 in Montgomery County, which denied defendants' motion for summary judgment dismissing the complaint.

Every two weeks for about 19 years prior to June 16, 1993, Culligan of the Mohawk Valley (hereinafter Culligan) had been delivering water-conditioning equipment and supplies to defendants' home located in the Town of Glen, Montgomery County. On the aforementioned date, plaintiff Gary P. Comeau (hereinafter plaintiff), a nine-year Culligan employee, was delivering to defendants a new portable exchange tank, weighing between 135 and 200 pounds, and removing one defendants had used. To accomplish this task, plaintiff had to go into the

home's root cellar which required him to descend a 13 to 14-step stone stairway. Plaintiff descended the stairs without incident; however, on his ascent he claims to have lost his footing, causing him to fall and sustain personal injuries. Thereafter, plaintiff and his wife commenced this negligence action alleging that the cellar stairs were in a dangerous and defective condition. Following discovery, defendants moved for summary judgment on the basis that they did not have actual or constructive notice of the alleged defective condition of the stairs or, alternatively, that they owed no duty to plaintiff because he was fully aware of the defective condition of the stairs. Supreme Court denied the motion in its entirety, prompting this appeal.

Initially, defendants have abandoned their argument that they lacked notice as they have not pursued it in their brief on appeal (*see, Richardson v Richardson*, 186 AD2d 946, 947, *lv dismissed, lv denied* 81 NY2d 867). Thus, our discussion focuses on their alternative argument.

As landowners, defendants have a duty to maintain their premises in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others (*see, Kellman v 45 Tiemann Assocs.*, 87 NY2d 871, 872). Encompassed therein is the duty to warn those lawfully on the premises of potentially dangerous conditions that are not readily observable (*see, Russell v Archer Bldg. Ctrs.*, 219 AD2d 772, 773; *Thornhill v Toys "R" Us NYTEX*, 183 AD2d 1071, 1072). Conversely, there generally is no duty to warn of conditions that can be easily recognized or discovered by the normal use of one's senses (*see, De Rossi v Golub Corp.*, 209 AD2d 911, 912, *lv denied* 85 NY2d 804; *Tarricone v State of New York*, 175 AD2d 308, 310, *lv denied* 78 NY2d 862). Since the evidence in the record establishes that plaintiff was fully aware of the stairs' defective condition, defendants urge us to apply the latter holdings here. However, they overlook the rule that landowners, who have or should have reason to expect that persons will find it necessary to encounter the obvious danger, owe a duty of reasonable care to either warn such persons of the danger or to take other reasonable steps to protect them from it (*see,* Restatement [Second] of Torts § 343 A [1], comment *f*).

In this instance, defendants acknowledged in their pretrial depositions that they knew plaintiff had to go into the cellar and that they were aware of the deteriorating condition of the stairs. In light of these circumstances, we find that defendants owed a duty of reasonable care to plaintiff. Whether defendants breached this duty and whether such breach was the proximate

cause of plaintiff's injuries involve material issues of fact precluding summary judgment in defendants' favor (*see, Karamarios v Bernstein Mgt. Corp.*, 204 AD2d 139, 140; *Fontana v Falides Assocs.*, 202 AD2d 631, 632).

Defendants further argue that plaintiff should be barred from recovery because he assumed the risk of injury and although the doctrine of primary assumption of risk is a complete bar to recovery, its application is limited to plaintiffs injured while voluntarily participating in a sporting or entertainment activity (*see, Weller v Colleges of the Senecas*, 217 AD2d 280, 283). As plaintiff was not so engaged, the doctrine of assumption of risk applicable here is one that does not bar recovery but only diminishes a plaintiff's recovery in the proportion which his or her culpable conduct bears to defendant's culpable conduct (*see, Cohen v Heritage Motor Tours*, 205 AD2d 105, 108; *see also*, CPLR 1411). It is clear that summary judgment cannot be predicated upon this latter doctrine.

Lastly, we reject defendants' claim that plaintiff's use of the defective stairs was an intervening act of negligence since, as pointed out, it was foreseeable that plaintiff would be using the stairs while delivering supplies to defendants (*see, Gordon v Eastern Ry. Supply*, 82 NY2d 555, 562; *Callihan v Moore*, 188 AD2d 714, 715).

Mikoll, J. P., Mercure, Crew III and Peters, JJ., concur. Ordered that the order is affirmed, with costs.