■ JOAN SUMELL, Respondent, v WEGMANS FOOD MARKETS, INC., Appellant. [678 NYS2d 549] —Order unanimously affirmed with costs. Memorandum: Supreme Court properly denied without prejudice defendant's motion for summary judgment dismissing the complaint and granted plaintiff's cross motion to compel further discovery. Plaintiff slipped and fell on a cornhusk in one of defendant's stores and commenced this action, alleging that defendant had actual and constructive notice of the dangerous condition and had created it. While defendant met its initial burden of establishing as a matter of law that it had neither actual nor constructive notice of the dangerous condition, defendant failed to establish that it did not create the dangerous condition (see, *Eddy v Tops Friendly Mkts.*, 91 AD2d 1203, *affd* 59 NY2d 692; *see generally, Zuckerman v City*

*of New York,* 49 NY2d 557, 562). In any event, even if we assume that defendant met its initial burden, plaintiff established that defendant had exclusive possession and control over facts and materials "essential to justify opposition" (CPLR 3212 [f]), and thus defendant's motion was properly denied because it was premature (*cf., Billy v Consolidated Mach. Tool Corp.,* 51 NY2d 152, 163-164, *rearg denied* 52 NY2d 829; *Lavin & Kleiman v Heinike Assocs.,* 221 AD2d 919). At the time of the motion, plaintiff had deposed only defendant's night manager, who had completed an incident report. The night manager's memory of the incident was, however, limited to the information contained in the report, which failed to disclose the identity of the store employee who had stocked the corn table and allegedly left a trail of corn husks and silk in the aisle leading from the rear of the store to the table. Furthermore, at the time of the motion, plaintiff had scheduled but not yet conducted depositions of two employees who apparently had knowledge of the incident. Under those circumstances, the court did not abuse its discretion in denying defendant's motion without prejudice and granting plaintiff's cross motion (*see, Grossman v Pharmhouse Corp.,* 234 AD2d 918). (Appeal from Order of Supreme Court, Onondaga County, Major, J.— Summary Judgment.) Present—Green, J. P., Lawton, Hayes, Pigott, Jr., and Callahan, JJ.