■ Sheila Scala et al., Appellants, v Port Jefferson Free Library, Respondent. [681 NYS2d 77] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Doyle, J.), dated September 2, 1997, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

The plaintiffs allege that the plaintiff Sheila Scala tripped and fell on a broken slate walkway. The defendant's submissions in support of its motion for summary judgment merely demonstrated that it had no actual notice of any condition which it deemed "dangerous or hazardous". The defendant failed to demonstrate the absence of an actionable defect (*see, Trincere v County of Suffolk,* 90 NY2d 976, 977; *Elam v New York Tr. Auth.,* 183 AD2d 599; *Cruz v City of New York,* 201 AD2d 606). Moreover, the defendant did not establish lack of actual and constructive notice of the nontransient defect which Mrs. Scala claimed caused her to fall (*see, Moore v New York City Hous. Auth.,* 251 AD2d 15). The defendant was required to demonstrate that it did not know of the alleged defect and that it was not visible or apparent for a sufficient length of time for it, in the exercise of reasonable care, to remedy the defect (*see, Kyung Sook Park v Caesar Chemists,* 245 AD2d 425; *Cobrin v County of Monroe,* 212 AD2d 1011). The defendant failed to do so.

In any event, the photographs of the alleged defect submitted by the plaintiffs in opposition to the defendant's motion established the existence of issues of fact (*see, Zavaro v Westbury Prop. Inv. Co.,* 244 AD2d 547; *Ferlito v Great S. Bay Assocs.,* 140 AD2d 408, 409; *see also, Batton v Elghanayan,* 43 NY2d 898). O'Brien, J. P., Pizzuto, Joy and Goldstein, JJ., concur.