■ CHRISTOPHER BURLEIGH, Appellant, v GENERAL ELECTRIC COMPANY, Respondent. [691 NYS2d 662] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Kramer, J.), entered May 11, 1998 in Schenectady County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff commenced this action to recover for injuries he sustained when he slipped and fell on a patch of ice on a sidewalk adjacent to defendant's facility. Relying on plaintiff's admission that he saw the condition of the sidewalk, including

the ice, and decided to try to navigate it rather than use an alternate route, Supreme Court concluded that plaintiff assumed the risk as a matter of law and granted defendant's motion for summary judgment dismissing the complaint. This appeal followed.

We reverse. The doctrine of primary assumption of the risk relied on by defendant serves as a complete bar to recovery, typically where the plaintiff's injury resulted from voluntarily participating in a sporting event or an entertainment activity (*see, Stirpe v Maloney & Sons*, 252 AD2d 871, 872; *Comeau v Wray*, 241 AD2d 602, 604). As plaintiff was not so engaged when he was injured, comparative negligence principles apply (CPLR 1411) to reduce plaintiff's "recovery in the proportion which his or her conduct bears to the defendant's culpable conduct" (*Cohen v Heritage Motor Tours*, 205 AD2d 105, 108; *see, Comeau v Wray, supra*).

Defendant's arguments that summary judgment was appropriate because (1) it had no duty to protect plaintiff from his own folly in using a sidewalk which was icy and (2) that defendant had no notice of the icy condition are also unavailing. If defendant owned the sidewalk, it had the common-law duty of reasonable care in the circumstances (*see, Byrd v Church of Christ Uniting*, 192 AD2d 967, 968), and if the sidewalk was a public one, defendant, as the adjoining owner, had the duty to keep it free and clear of snow and ice pursuant to a municipal ordinance which imposed liability for breach of that duty.

In support of its notice argument, defendant maintains that as a matter of law it did not have a reasonable time after cessation of the temperature fluctuations to correct the conditions. Without addressing the merits of this assertion, plaintiff alleges that defendant created the condition and, in opposition to the motion, plaintiff submitted evidence to demonstrate that, by clearing the eight to nine-foot wide blacktop sidewalk to a width of only 2½ feet and creating snow banks on each side of the cleared area, defendant's agents prevented melted snow from draining off the sidewalk, resulting in creation of the ice patch when the accumulated water froze. Evidence that defendant's snow removal efforts created a hazardous condition is sufficient to raise an issue of fact (*see, Feeney v Benderson Dev. Co.*, 255 AD2d 965; *cf., Gentile v Rotterdam Sq.*, 226 AD2d 973).

Mikoll, J. P., Mercure, Crew III and Peters, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.