■ CLEMENT DABIERE et al., Respondents, v RONALD CRAIG et al., Appellants. [701 NYS2d 738] —Peters, J. Appeal from an order of the Supreme Court (Best, J.), entered March 29, 1999 in Montgomery County, which denied defendants' motion for summary judgment dismissing the complaint.

On November 10, 1996, plaintiffs Clement DaBiere and Anita DaBiere were visiting with defendants, their daughter and son-in-law, in defendants' newly constructed modular home built by Alpin Haus Homes in the City of Amsterdam, Montgomery County. As they were exiting the only external

---

stairway, also constructed by Alpin Haus, they slipped and fell. At such time, there were no handrails on the staircase and a light dusting of snow had accumulated during their visit.

As a result of their injuries, an action was commenced by plaintiffs in June 1997 alleging negligence for defendants' failure to have corrected the slippery condition or have handrails on the staircase.* After joinder and limited discovery, defendants unsuccessfully moved for summary judgment, prompting this appeal.

We initially reject defendants' assertion that plaintiffs' failure to specifically detail the regulatory or statutory provisions supporting their allegations of negligence premised upon faulty construction in their bill of particulars precludes a consideration of the theory. While the responses must detail the acts of negligence attributed to each defendant, all that is required is a "[g]eneral statement of the acts or omissions constituting the negligence claimed" (CPLR 3043 [a] [3]; *see, Felock v Albany Med. Ctr. Hosp.*, 258 AD2d 772). In finding that this threshold was met by both the complaint and the first bill of particulars, we next address the denial of the motion for summary judgment.

It is well settled that "[a]s landowners, defendants have a duty to maintain their premises in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others" (*Comeau v Wray*, 241 AD2d 602, 603; *see, Basso v Miller*, 40 NY2d 233, 241; *MacNab v Spoor*, 235 AD2d 728, 729-730). Moreover, "landowners, who have or should have reason to expect that persons will find it necessary to encounter [an] obvious danger, owe a duty of reasonable care to either warn such persons of the danger or to take other reasonable steps to protect them from it" (*Comeau v Wray, supra*, at 603). Here, it is undisputed that there were no handrails on the only available external staircase and that a light dusting of snow had fallen during plaintiffs' visit. While defendants were not yet under a duty to have cleared the snow (*see, Krutz v Betz Funeral Home*, 236 AD2d 704, *lv denied* 90 NY2d 803), it is arguable that the slippery condition created thereby, coupled with the lack of handrails, created an unsafe condition which defendants had a duty to address in some manner (*see, Comeau v Wray, supra*, at 603-604).

We further find that a viable issue was raised as to whether there was a violation of regulations requiring a handrail on an external staircase despite the fact that the certificate of oc-

---

* A third-party action was thereafter commenced against Alpin Haus.

cupancy had not yet been issued (*see*, 9 NYCRR 607.1; *cf.*, 12 NYCRR 23-2.7 [e]). While a regulatory violation would not constitute negligence per se, it may properly be considered as evidence of negligence (*see*, *White v Long*, 204 AD2d 892, 893, *affd* 85 NY2d 564).

For the foregoing reasons, we affirm the denial of the motion for summary judgment dismissing the complaint.

Mercure, J. P., Spain, Graffeo and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.