■ In the Matter of SHAWN P., Respondent, v SREEKRISHNA C., Appellant. [710 NYS2d 234] —Appeal unanimously dismissed without costs (*see, Matter of Jane PP. v Paul QQ.*, 64 NY2d 15, 17). (Appeal from Order of Erie County Family Court, Trost, J.H.O.—Paternity.) Present—Wisner, J. P., Hurlbutt, Balio and Lawton, JJ.

■ FLORA DeFAZIO et al., Respondents, v JAMES J. HAGE, Appellant. [708 NYS2d 657] —Order unanimously affirmed without costs. Memorandum: Plaintiffs commenced this action alleging that Flora DeFazio (plaintiff) tripped and fell while walking across defendant's property to attend a garage sale next door. Plaintiffs allege that a height difference between defendant's driveway and lawn constituted a dangerous condition, causing plaintiff to fall. Supreme Court properly denied defendant's motion for summary judgment dismissing the complaint. "[E]ven a trivial defect can sometimes have the characteristics of a snare or a trap" (*Herrera v City of New York*, 262 AD2d 120), and here defendant "failed to demonstrate the absence of an actionable defect" (*Scala v Port Jefferson Free Lib.*, 255 AD2d 574). "A moving party must affirmatively establish the merits of its cause of action or defense and does not meet its burden by noting gaps in its opponent's proof" (*Orcutt v American Linen Supply Co.*, 212 AD2d 979, 980). Because defendant failed to meet his burden, we do not consider the adequacy of plaintiffs' opposing papers (*see, LaManna v Sudbury, Inc.*, 244 AD2d 994). (Appeal from Order of Supreme Court, Oneida County, Grow, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Wisner, Hurlbutt and Lawton, JJ.