■ PAUL TELESCO et al., Respondents-Appellants, v PHILIP BATEAU, Individually and/or Doing Business as PHIL'S JANITORIAL SERVICE, Respondent and Third-Party Plaintiff-Respondent. AMERICAN RED CROSS, GREATER BUFFALO CHAPTER, Third-Party Defendant-Appellant. [711 NYS2d 371] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly denied the motion of third-party defendant, American Red Cross, Greater Buffalo Chapter (Red Cross), seeking summary judgment dismissing the third-party complaint. Plaintiffs commenced this action to recover damages for injuries sustained when Paul Telesco (plaintiff) slipped and fell on wet stairs during the course of his employment at the Red Cross building in Buffalo. The third-party complaint, as amplified by the amended bill of particulars, alleges that the accident occurred because of inadequate lighting in the stairwell. Red Cross failed to meet its initial burden of presenting competent evidence refuting that allegation (*see, Caster v State of New York*, 267 AD2d 1003). In support of its motion, Red Cross submitted deposition testimony indicating that plaintiff could not see the wet stairs because the lighting was inadequate, and Red Cross failed to establish as a matter of law that the lighting was not a contributing cause of the accident. Even assuming, arguendo, that Red Cross did not have actual or constructive notice of the allegedly dangerous condition, we conclude that Red Cross failed to establish as a matter of law that it did not create that condition (*see, Sumell v Wegmans Food Mkts.*, 254 AD2d 702, 702-703). The failure of Red Cross to make a prima facie showing of entitlement to judgment as a matter of law "requires denial of the motion, regardless of the sufficiency of the opposing papers" (*Winegrad v New York Univ.*

*Med. Ctr.,* 64 NY2d 851, 853). (Appeals from Order of Supreme Court, Erie County, Whelan, J.—Summary Judgment.) Present—Green, J. P., Wisner, Kehoe and Lawton, JJ.