■ CLEMENT DaBIERE et al., Respondents, v RONALD CRAIG et al., Appellants. (And a Third-Party Action.) [727 NYS2d 535] —Peters, J. Appeal from an order of the Supreme Court (Best, J.), entered April 7, 2000 in Montgomery County, which granted plaintiffs' motion to set aside the verdict and ordered a new trial.

This matter was previously before us where we affirmed the denial of defendants' motion for summary judgment seeking to dismiss the complaint (268 AD2d 875). As reviewed therein, this action was commenced to recover damages for personal injuries allegedly sustained by plaintiffs Clement DaBiere and Anita DaBiere on the evening of November 10, 1996 while visiting with defendants, their daughter and son-in-law, in their partially completed modular home. At the time of the incident, defendants' home was under construction by third-party defendants, Alpin Haus Ski Shop, Inc., and no certificate of occupancy had been issued. On the evening of their visit, a light dusting of snow had fallen. When plaintiffs sought to exit from a partially built external stairway, they slipped and fell.

This action alleged negligence for failing to correct or warn of either the slippery condition or the lack of handrails on the staircase. Defendants impleaded Alpin Haus which settled with plaintiffs on the morning of trial. The jury found defendants negligent, but that their negligence was not the proximate cause of plaintiffs' injuries. Plaintiffs moved to set aside the verdict and Supreme Court granted said motion. Defendants appeal.

Where the jury's verdict cannot be supported by any fair interpretation of the evidence, the trial court may, in its discretion, set aside the verdict and order a new trial (*see,* CPLR 4404 [a]; *Lolik v Big V Supermarkets,* 86 NY2d 744, 745-746; *Carter v Wemple,* 267 AD2d 641, 641-642). Yet, its discretion is not unfettered since it must "afford[ ] due deference to the jury's role as fact-finder" (*Maisonet v Kelly,* 228 AD2d 780, 781), particularly with regard to "questions of proximate cause and the foreseeability of intervening events" (*Baldwin v Degenhardt,* 189 AD2d 941, 943 [Yesawich, Jr., J., dissenting], *revd on dissenting mem below* 82 NY2d 867, 869).

Defendants contend, and we agree, that the jury received evidence concerning several theories of proximate cause, any one of which could have militated against defendants' liability. It may well have been the absence of handrails on the stairs, submitted to be the responsibility of Alpin Haus to install, the slipperiness of the newly fallen snow for which defendants had not yet assumed a duty to clear, or a combination of both,

without prior warning, to have proximately caused plaintiffs' injuries. Evidence at trial revealed that Anita DaBiere grabbed her husband's shoulder as she was falling and that Clement DaBiere's sole concern "was grabbing * * * [his] wife," not a handrail. Further testimony revealed that Alpin Haus, while no longer a party, could have equipped the only available external stairway with handrails had its workers taken an additional 10 to 20 minutes to complete the job before leaving. While defendants, "[a]s landowners * * * have a duty to maintain their premises in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others" (*Comeau v Wray*, 241 AD2d 602, 603), which duty will encompass warning and/or repairing defective conditions not readily observable (*see, id.*, at 603), liability will not be conclusive unless a breach of that duty was the proximate cause of plaintiffs' injuries (*see, id.*, at 603-604; *Noviczski v Homeyer*, 238 AD2d 860, 861).

Upon our review of this record, which includes the aforementioned testimony and charge to the jury concerning the duties imposed upon both Alpin Haus as contractor and defendants as landowners, it cannot be said that " ' "the evidence so preponderate[d] in favor of the [plaintiff] that [the verdict] could not have been reached on any fair interpretation of the evidence" ' " (*Lolik v Big V Supermarkets*, 86 NY2d 744, 746, *supra*, quoting *Moffatt v Moffatt*, 86 AD2d 864, *affd* 62 NY2d 875). For these reasons, Supreme Court's order granting plaintiffs' motion to set aside the verdict constituted, in our view, an improvident exercise of its discretion (*compare, Zemanek v Lamoreaux*, 235 AD2d 1015, 1016). Accordingly, we reverse and reinstate the verdict.

Crew III, J. P., Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion denied and verdict reinstated.