■ PEYTON R. HAWKES, Appellant, v CATATONK GOLF CLUB, INC., Respondent. [732 NYS2d 132] —Carpinello, J. Appeal from an order of the Supreme Court (Monserrate, J.), entered July 27, 2000 in Broome County, which granted defendant's motion for summary judgment dismissing the complaint.

On the morning of July 26, 1998, plaintiff was struck in the eye by an errant golf ball while standing in the parking lot of defendant's golf course. The ball had been hit by a golfer teeing off from the third tee. This tee and its fairway are located parallel to the entrance road and parking lot of the facility. Plaintiff had just exited his vehicle, put on his golf shoes and was in the process of picking up his golf clubs to head into the clubhouse when he was struck by the ball. In this ensuing negligence action, plaintiff claims that defendant negligently designed and maintained its golf course, as well as failed to warn him of its dangerous condition.

Defendant moved for summary judgment, asserting that because plaintiff knew the layout of its golf course, having played it on numerous occasions in the past, he assumed the risk of injury inherent in the game of golf as a matter of law. In opposition, plaintiff submitted an expert's affidavit establishing that the design of defendant's course, i.e., the close proximity of the third tee to the hard surface of the parking lot and the lack of effective safety barriers, presented an unreasonably dangerous condition and created an unreasonable risk of harm to people in the parking lot. It was further established by plaintiff in opposing summary judgment that defendant had actual notice prior to plaintiff's injury of errant golf balls having been hit into its parking lot from players on the third tee. Equating plaintiff to a voluntary spectator, golf course employee or adjoining property owner, Supreme Court applied the doctrine of primary assumption of risk to the case and dismissed the complaint. As limited by the legal arguments presented below as reflected in the record on appeal, we are compelled to reverse.

Defendant's motion for summary judgment was predicated on the doctrine of primary assumption of risk which is limited to those injured while voluntarily participating in a sporting or recreational activity (*see, Turcotte v Fell*, 68 NY2d 432, 439; *Comeau v Wray*, 241 AD2d 602, 604). As there is no dispute that plaintiff was *not yet* engaged in the sport of golf when injured, that is, he was merely in the parking lot en route to the clubhouse well before commencement of the tournament in which he intended to play that day, we hold that the doctrine of *primary* assumption of risk is inapplicable to the facts of this case (*compare, Lemovitz v Pine Ridge Realty Corp.*, 887 F Supp 16; *Lundin v Town of Islip*, 207 AD2d 778). The doctrine of primary assumption of risk does not apply to a would-be sporting participant who is injured in the parking lot of the sporting facility well before commencement of the intended

recreational or sporting activity (*see generally, Vogel v Venetz,* 278 AD2d 489). Thus, "the doctrine of assumption of risk applicable here is one that does not bar recovery [as a matter of law] but only diminishes * * * plaintiff's recovery in the proportion which his * * * culpable conduct bears to defendant's culpable conduct" (*Comeau v Wray, supra,* at 604; *see, Stirpe v Maloney & Sons,* 252 AD2d 871, 872).*

In any event, an "allegedly damaged or dangerous * * * safety feature * * * is by its nature not automatically an inherent risk of a sport as a matter of law for summary judgment purposes. Rather, it may qualify as and constitute an allegedly negligent condition occurring in the ordinary course of any property's maintenance and may implicate typical comparative negligence principles" (*Morgan v State of New York,* 90 NY2d 471, 488). Accordingly, even if we were to assume that plaintiff's mere presence in the parking lot could be found to be a risk inherent in the recreational activity of golfing, we would not find summary judgment in favor of defendant to be warranted. At the least, plaintiff has established that defendant had notice of golf balls landing in the parking lot and has raised a triable issue of fact as to whether the location and allegedly defective design of the third hole and the trees lining its fairway created a dangerous condition over and above the usual dangers inherent in the sport (*see, id.; Keppler v Town of Schroon,* 267 AD2d 745, 747; *Greenburg v Peekskill City School Dist.,* 255 AD2d 487; *Roska v Town of Cheektowaga,* 251 AD2d 984; *Stackwick v Young Men's Christian Assn.,* 242 AD2d 878; *Radwaner v USTA Natl. Tennis Ctr.,* 189 AD2d 605).

Moreover, *Hornstein v State of New York* (46 Misc 2d 486, *affd* 30 AD2d 1012), relied upon by Supreme Court, would not

---

* In our view, the particular facts of this case are most closely analogous to a resident injured on property adjoining a golf course (*see, Nussbaum v Lacopo,* 27 NY2d 311). However, even equating plaintiff to such a property owner, summary judgment in favor of defendant under *Nussbaum* is not warranted. As noted by one commentator citing *Nussbaum,* if a "fairway is maintained very close to residential property adjoining the course, precautions in design and location, in the form of play, or in protective devices *may be required* as a safeguard against injury" (2B Warren, Negligence in the New York Courts, Golfer and Operator of Golf Course, § 49.02 [2], at 441 [4th ed] [emphasis supplied]). Here, plaintiff presented evidence that defendant had actual notice of golf balls landing in the parking lot from the third tee and that the location and design of the third tee arguably created an unreasonably dangerous condition and increased the risk of injury to people in the parking lot (*cf., Nussbaum v Lacopo, supra*). Thus, *consistent* with *Nussbaum,* a jury should decide whether defendant was required to take additional precautions in the design and location of the third hole to better safeguard against injury to individuals in its parking lot.

mandate a contrary result. In that case, the claimant, who was struck in the eye by a golf ball while waiting to tee off on the 16th hole of a golf course, alleged, *but failed to prove by a preponderance of evidence at trial*, that the "proximity of the holes in question constituted a trap or inherently dangerous condition, or that the defendant had created a hazardous condition which it was under a legal duty to remedy" (*id.*, at 488). In affirming dismissal of the claim, this Court simply deferred to the Court of Claims' factual findings concerning the disputed issue of whether the golf course was negligently constructed, but specifically noted that the assumption of risk doctrine applicable to participants in sporting events "would not preclude a recovery for negligent acts which unduly enhance such risks" (*Hornstein v State of New York*, 30 AD2d 1012, 1013).

Cardona, P. J., Mercure, Spain and Rose, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.