■■■ Melissa Sulinski, Appellant, v Ardco, Inc., et al., Respondents. [747 NYS2d 674] —Appeal from an order of Supreme Court, Erie County (Whelan, J.), entered October 3, 2001, which granted defendants' motions for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law with costs, the motions are denied and the complaint is reinstated.

Memorandum: Plaintiff was injured when she tripped and fell on the allegedly defective floor of an allegedly defective refrigeration room at the supermarket where she worked. She commenced this action against defendant Ardco, Inc. (Ardco), which had prefabricated and supplied the refrigeration room, and defendant Vulcan Floors, Inc., which had installed the vinyl floor tile in the room. In seeking summary judgment, defendants asserted that they had no actual or constructive notice of any alleged defect, that recovery is barred by plaintiff's assumption of the risk, and that the alleged defect was too trivial to be actionable. We conclude that defendants are not entitled to judgment as a matter of law on any of those grounds and that Supreme Court thus erred in granting defendants' motions for summary judgment dismissing the complaint.

With respect to the cause of action against Ardco sounding in strict products liability, notice of the alleged defect is not an element of that cause of action (*see Colonno v Executive I Assoc.,* 228 AD2d 859, 860-861; *see generally Voss v Black & Decker Mfg. Co.,* 59 NY2d 102, 107, 111; *Caprara v Chrysler Corp.,* 52 NY2d 114, 123, *rearg denied* 52 NY2d 1073). With respect to the remaining causes of action against both defendants, plaintiff alleges that they negligently created or caused the dangerous or defective condition. Notice of the allegedly dangerous or defective condition also is not an element of those causes of action (*see Telesco v Bateau,* 273 AD2d 894; *Steenwerth v United Ref. Co. of Pa.,* 273 AD2d 878; *Sumell v Wegmans Food Mkts.,* 254 AD2d 702, 702-703), and neither defendant submitted proof that it did not create or cause the allegedly dangerous or defective condition (*see Gallagher v TDS Telecom,* 294 AD2d 860; *Frank v Price Chopper Operating Co.,* 275 AD2d 940, 941; *Sumell,* 254 AD2d at 702-703).

Defendants likewise are not entitled to summary judgment

dismissing the complaint based on the doctrine of primary assumption of the risk, which has no application to this case (*see Sammis v Nassau/Suffolk Football League,* 95 NY2d 809, 810; *Robinson v Albany Hous. Auth.,* 289 AD2d 828, 829; *Burleigh v General Elec. Co.,* 262 AD2d 774, 775; *Comeau v Wray,* 241 AD2d 602, 604; *see also Lamey v Foley,* 188 AD2d 157, 166-168).

Finally, we conclude that defendants failed to establish their entitlement to judgment as a matter of law on the issue whether the defect was too trivial to be actionable (*see McKenzie v Crossroads Arena,* 291 AD2d 860, 860-861, *lv dismissed* 98 NY2d 647; *Kajfasz v Wal-Mart Stores,* 288 AD2d 902; *Wolcott v Forgnone,* 277 AD2d 1039; *DeFazio v Hage,* 272 AD2d 964; *see generally Trincere v County of Suffolk,* 90 NY2d 976, 977-978). We therefore reverse the order, deny defendants' motions and reinstate the complaint. Present—Pine, J.P., Hayes, Hurlbutt, Kehoe and Burns, JJ.