■ JUDY ANN JOHNSON, Respondent-Appellant, v TRANSPOR-TATION GROUP, INC., et al., Appellants-Respondents. [812 NYS2d 723]—

Appeals and cross appeal from an order and judgment (one paper) of the Supreme Court, Erie County (Frank A. Sedita, Jr., J.), entered February 23, 2005 in a personal injury action. The order and judgment, insofar as appealed and cross-appealed from, granted the motion of defendant Transportation Group, Inc. for summary judgment dismissing the third amended complaint against it, denied the motion of defendant Benderson 85-1 Trust for summary judgment dismissing the third amended complaint against it and denied costs and disbursements to defendant Transportation Group, Inc.

It is hereby ordered that the order and judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages for injuries she sustained in an employment-related accident at a retail store located on premises owned by defendant Benderson 85-1 Trust (Benderson) and leased to plaintiff's employer. Plaintiff injured her knee while jumping from the back of a tractor-trailer onto a loading platform behind the store. The tractor-trailer had been driven to the loading platform by an employee of defendant Transportation Group, Inc. (Transportation), which allegedly owned the tractor-trailer. We note at the outset that the challenge by Benderson to that part of the order and judgment granting plaintiff leave to serve an amended bill of particulars is not properly before us. "An appeal from only part of an order constitutes a waiver of the right to appeal from the other parts of that order" (*Royal v Brooklyn Union Gas Co.*, 122 AD2d 132, 133 [1986]; *see 532 Realty Assoc. v Spearhead Sys.*, 1 AD3d 476, 477 [2003]; *Whittaker v Cohen*, 178 AD2d 941 [1991]).

Supreme Court properly denied the motion of Benderson for summary judgment dismissing the third amended complaint against it. The record establishes that there are triable issues of fact concerning whether the condition of the loading platform was defective or dangerous (*see Trincere v County of Suffolk*, 90 NY2d 976, 977 [1997]; *O'Neil v Holiday Health & Fitness Ctrs. of N.Y.*, 5 AD3d 1009, 1009-1010 [2004]) and further concerning whether Benderson created such defective or dangerous condition or had actual or constructive notice of it (*see generally Atkinson v Golub Corp. Co.*, 278 AD2d 905, 906 [2000]; *Telesco v Bateau*, 273 AD2d 894 [2000]; *Smith v May Dept. Store, Co.*, 270 AD2d 870 [2000]; *Tenebruso v Toys "R" Us—NYTEX*, 256 AD2d 1236, 1237 [1998]).

We further conclude, however, that the court properly granted the motion of Transportation for summary judgment dismissing the third amended complaint against it. Transportation, as an independent contractor of plaintiff's employer (*see generally Espinal v Melville Snow Contrs.*, 98 NY2d 136, 138-140 [2002]; *Palka v Servicemaster Mgt. Servs. Corp.*, 83 NY2d 579, 587-589 [1994]), owed no duty to plaintiff to make its deliveries of merchandise to the store in a smaller truck or to provide a trailer with, e.g., a liftgate (*see generally Di Ponzio v Riordan*, 89 NY2d 578, 583-586 [1997]). We further conclude as a matter of law that there was nothing foreseeably and unreasonably dangerous with respect to the manner in which Transportation's driver positioned the tractor-trailer in order to facilitate the unloading process.

We have considered the contention of Transportation with respect to costs and disbursements and conclude that it is without merit. Present—Hurlbutt, J.P., Scudder, Kehoe, Green and Hayes, JJ.