[875 NYS2d 298]

Luke Anthony Trupia, an Infant, By His Parent and Guardian, Lawrence C. Trupia, et al., Appellants, v Lake George Central School District et al., Respondents.

Third Department, March 5, 2009

### APPEARANCES OF COUNSEL

*Ledwith & Atkinson*, Lynbrook (*Peter K. Ledwith* of counsel), for appellants.

*Bartlett, Pontiff, Stewart & Rhodes, P.C.*, Glens Falls (*Karla Williams Buettner* of counsel), for respondents.

### OPINION OF THE COURT

MERCURE, J.P.

In July 2002, plaintiff Luke Anthony Trupia (hereinafter plaintiff) was injured while participating in a summer school program administered by defendants. During a break between classes, plaintiff attempted to slide down the banister of a stairway and fell, landing at the bottom of the stairwell. As a result, plaintiff sustained a skull fracture and brain injury, causing retrograde amnesia. Thereafter, plaintiff and his father, plaintiff Lawrence C. Trupia, commenced this action. Following discovery and filing of the note of issue, defendants moved pursuant to CPLR 3025 (b) for leave to amend their answer to include the affirmative defense of primary assumption of risk. Supreme Court granted the motion, and plaintiffs now appeal.

While " '[l]eave to amend pleadings rests within the trial court's discretion and shall be freely granted,' " permission to amend must be denied when " 'the proposed amendment is wholly devoid of merit or the delay prejudices the [nonmoving party]' " (*Leclaire v Fort Hudson Nursing Home, Inc.*, 52 AD3d 1101, 1102 [2008] [citation omitted]; *see Thomas Crimmins Contr. Co. v City of New York*, 74 NY2d 166, 170 [1989]; *Edenwald Contr. Co. v City of New York*, 60 NY2d 957, 959 [1983]). In our view, the proposed amendment is devoid of merit and, therefore, we reverse.

Pursuant to the doctrine of primary assumption of risk, a participant "engaging in a sport or recreational activity . . . consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (*Morgan v State of New York*, 90 NY2d 471, 484 [1997]; *see Turcotte v Fell*, 68 NY2d 432, 438-440 [1986]; *Youmans v Maple Ski Ridge, Inc.*, 53 AD3d 957, 958-959 [2008]). " '[A]ssumption of risk in this form is really a *principle of no duty*' " (*Morgan v State of New York*, 90 NY2d at 485 [citation omitted]); as "a measure of the defendant's duty of

care[, it] survives the enactment of the comparative fault statute" (*Turcotte v Fell*, 68 NY2d at 439). When the doctrine is applicable, it acts as a complete bar to liability based upon a defendant's alleged negligence (*see id.* at 438-439; *Burleigh v General Elec. Co.*, 262 AD2d 774, 775 [1999]; *Roe v Keane Stud Farm*, 261 AD2d 800, 801 [1999]; *see also Roberts v Boys & Girls Republic, Inc.*, 51 AD3d 246, 251 [2008], *affd* 10 NY3d 889 [2008]). Particularly relevant here, we note that "[t]he policy underlying this tort rule is intended to facilitate free and vigorous participation in athletic activities" (*Benitez v New York City Bd. of Educ.*, 73 NY2d 650, 657 [1989]; *accord Morgan v State of New York*, 90 NY2d at 484).

Consistent with that policy, this Court has limited application of the doctrine "to situations in which a plaintiff has been injured 'while voluntarily participating in a sporting or entertainment activity' " (*Roe v Keane Stud Farm*, 261 AD2d at 801, quoting *Comeau v Wray*, 241 AD2d 602, 604 [1997]; *accord Stirpe v Maloney & Sons*, 252 AD2d 871, 872 [1998]; *see Hawkes v Catatonk Golf Club*, 288 AD2d 528, 529 [2001]; *Boyce v Vazquez*, 249 AD2d 724, 726 [1998]; *see also Coole-Mayhew v Timm*, 18 AD3d 948, 950 [2005]; *Burleigh v General Elec. Co.*, 262 AD2d at 775). While defendants correctly assert that both the Second and Fourth Departments have expanded application of the doctrine beyond sporting and recreational activities (*see e.g. Sy v Kopet*, 18 AD3d 463, 463-464 [2d Dept 2005], *lv denied* 6 NY3d 710 [2006] [the plaintiff injured while attempting to enter his room through second story window]; *Lamandia-Cochi v Tulloch*, 305 AD2d 1062, 1062 [4th Dept 2003] [the infant plaintiff injured following fall while attempting to slide down wooden handrail]; *Westerville v Cornell Univ.* 291 AD2d 447, 448 [2d Dept 2002] [mental health care professional injured while participating in seminar to teach physical restraint techniques]; *Davis v Kellenberg Mem. High School*, 284 AD2d 293, 294 [2d Dept 2001] [the infant plaintiff injured while jumping off concrete bench]), and argue that this case is the appropriate vehicle for a similar extension by this Court, we decline to so apply the doctrine. "Extensive and unrestricted application of the doctrine of primary assumption of the risk to tort cases generally represents a throwback to the former doctrine of contributory negligence, wherein a plaintiff's own negligence barred recovery from the defendant" (*Pelzer v Transel El. & Elec. Inc.*, 41 AD3d 379, 381 [1st Dept 2007]). Accordingly, inasmuch as the doctrine of primary assumption of

risk is inapplicable here as a matter of law, we are constrained to reverse and deny defendants' motion to amend the answer.

ROSE, LAHTINEN, KANE and MALONE JR., JJ., concur.

Ordered that the order is reversed, on the law, with costs, and motion denied.