# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**232**
**CA 10-01444**
PRESENT: CENTRA, J.P., FAHEY, LINDLEY, GREEN, AND MARTOCHE, JJ.

---

STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANIES, PLAINTIFF-RESPONDENT,

V                                                   MEMORANDUM AND ORDER

ZACHARY J. JAENECKE, PETER J. JAENECKE,
DEFENDANTS-APPELLANTS,
GARY L. COONS AND ANN M. COONS,
DEFENDANTS-RESPONDENTS.

---

PILARZ LAW FIRM, BUFFALO (MICHAEL PILARZ OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

BOUVIER PARTNERSHIP, LLP, BUFFALO (NORMAN E.S. GREENE OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

-----------------------------------------------------------------------

Appeal from an order and judgment (one paper) of the Supreme
Court, Niagara County (John Lane, J.H.O.), entered February 24, 2010.
The order and judgment declared, upon a jury verdict, that plaintiff
is not obligated to defend or indemnify defendants Zachary J. Jaenecke
and Peter J. Jaenecke.

It is hereby ORDERED that the order and judgment so appealed from
is unanimously affirmed without costs.

Memorandum:  Plaintiff commenced this action seeking a
declaration that it is not obligated to defend or indemnify Zachary J.
Jaenecke and Peter J. Jaenecke (defendants) in the underlying personal
injury action commenced by defendants Gary L. Coons and Ann M. Coons.
We note at the outset that the challenge by defendants to that part of
the order and judgment declaring that "any bodily injury or damage to
Gary L. Coons and Ann M. Coons was <u>not</u> caused by an accident resulting
from the ownership, maintenance or use of the Jaenecke vehicle" is not
properly before us.  "An appeal from only part of an order [and
judgment] constitutes a waiver of the right to appeal from other parts
[thereof]" (*Johnson v Transportation Group, Inc*., 27 AD3d 1135, 1135).
Here, defendants limited their notice of appeal to that part of the
order and judgment denying their motion during trial seeking a
declaration that plaintiff was obligated to defend and indemnify them
based on plaintiff's alleged failure to comply with Insurance Law §
3420 (d), and thus our review is limited to that issue (*see Matter of
Violet Realty, Inc. v City of Buffalo Planning Bd*., 20 AD3d 901, 903-
904, *lv denied* 5 NY3d 713).  We conclude that Supreme Court properly
denied the motion and determined that plaintiff "was not required by

Insurance Law § 3420 (d) to issue a disclaimer in a timely fashion because its denial of coverage was based upon a lack of coverage and not a policy exclusion" (*Matter of Liberty Mut. Ins. Co. v Goddard*, 29 AD3d 698, 699).

Entered:  February 18, 2011                    Patricia L. Morgan
                                               Clerk of the Court