# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**891**

**CA 07-00015**

PRESENT: SCUDDER, P.J., FAHEY, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

WILLIAM J. BRONGO, AS ADMINISTRATOR OF THE
ESTATE OF LOUIS M. BACCHETTA, DECEASED,
PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

TOWN OF GREECE, DEFENDANT-APPELLANT.

---

GALLO & IACOVANGELO, LLP, ROCHESTER (AMANDA INSALACO OF COUNSEL), FOR
DEFENDANT-APPELLANT.

BRENNA, BRENNA & BOYCE, PLLC, ROCHESTER (WILLIAM J. BRONGO OF
COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Monroe County (William
P. Polito, J.), entered December 4, 2006 in a personal injury action.
The order granted decedent's motion to set aside the jury verdict in
favor of defendant and against decedent and granted a directed verdict
in favor of decedent and against defendant on the issue of proximate
cause.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs, the motion is denied
and the jury verdict is reinstated.

Memorandum: Louis M. Bacchetta (decedent) commenced this action
seeking damages for injuries he sustained while riding his motorcycle.
The administrator of his estate was substituted as the plaintiff after
this appeal was perfected. According to decedent, he hit the curb of
a "bump-out" in the road and was thrown from his motorcycle.
Defendant appeals from an order that granted decedent's motion to set
aside the jury verdict in favor of defendant and directed a verdict in
favor of decedent on the issue of proximate cause. We reverse and
reinstate the jury verdict. Preliminarily, we note that Supreme Court
erred in directing a verdict in favor of decedent on the issue of
proximate cause upon setting aside the verdict as against the weight
of the evidence. The appropriate remedy where a verdict is against
the weight of the evidence is a new trial, not a directed verdict (*see
Levin v Carbone*, 277 AD2d 951, 951).

On the merits, we cannot agree with the court that the jury
verdict was against the weight of the evidence. The jury found that
defendant was negligent, but that its negligence was not a proximate
cause of the accident. Such a finding is inconsistent and against the

weight of the evidence only when the issues are "so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause" (*Rubin v Pecoraro*, 141 AD2d 525, 527; *see Cona v Dwyer*, 292 AD2d 562, 563).  We conclude that the verdict with respect to the findings of negligence and proximate cause can be reconciled, i.e., those findings are not inconsistent with a reasonable view of the evidence, and defendant is entitled to the presumption that the jury adopted that view (*see Mascia v Olivia*, 299 AD2d 883, 883).  At trial, the evidence established that decedent had made numerous pretrial statements describing the accident, including a statement in which he admitted to a police officer at the scene of the accident that, prior to striking the curb of the bump-out in the road, he had misjudged the curve or lost control of his motorcycle while attempting to negotiate the curve.  That statement varied from other pretrial statements in which he asserted that he had never seen the bump-out in the road.  Affording due deference to the jury's role as factfinder, particularly with regard to questions of proximate cause, we conclude that the jury's findings should be left intact (*see DaBiere v Craig*, 284 AD2d 885, 885).

Entered:  September 28, 2012                    Frances E. Cafarell
                                                Clerk of the Court