Harris v RCH Holdings, LLC (2025 NY Slip Op 05504)

Harris v RCH Holdings, LLC

2025 NY Slip Op 05504

Decided on October 8, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 8, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
BARRY E. WARHIT
DONNA-MARIE E. GOLIA, JJ.

2024-10091
 (Index No. 54732/21)

[*1]Rick Harris, respondent, 
v
RCH Holdings, LLC, appellant.

Sokoloff Stern LLP, Carle Place, NY (James E. Kimmel and Kimberly Hunt Lee of counsel), for appellant.
Liakas Law, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Joshua Block], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Dutchess County (Michael G. Hayes, J.), dated September 25, 2024. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained at the defendant's premises when the ladder he was using moved, causing him to fall. At his deposition, the plaintiff testified, among other things, that the ladder moved due to the presence of holes and cracks in the concrete floor. The defendant moved for summary judgment dismissing the complaint, arguing, inter alia, that there was no dangerous or defective condition in the area of the concrete floor where the plaintiff fell from the ladder and that if there was such a condition, it was trivial and not actionable. Additionally, the defendant argued that it had no notice of any dangerous or defective condition in that area of the floor. The plaintiff opposed the motion. In an order dated September 25, 2024, the Supreme Court denied the motion. The defendant appeals.
"In order for a landowner to be liable in tort to a plaintiff who is injured as a result of an allegedly defective condition upon property, it must be established that a defective condition existed and that the landowner affirmatively created the condition or had actual or constructive notice of its existence" (Lezama v 34-15 Parsons Blvd, LLC, 16 AD3d 560, 560; see Wilks v City of New York, 144 AD3d 673, 674). "[W]hether a dangerous or defective condition exists on the property of another so as to create liability depends on the peculiar facts and circumstances of each case and is generally a question of fact for the jury" (Trincere v County of Suffolk, 90 NY2d 976, 977 [internal quotation marks omitted]; see Toro v McComish, 227 AD3d 1120, 1120). Additionally, "while injuries resulting from trivial defects are generally not actionable" (Sanna v Wal-Mart Stores, 271 AD2d 595, 595), "[a] defendant seeking dismissal of a complaint on the basis that the alleged defect is trivial must make a prima facie showing that the defect is, under the circumstances, physically insignificant and that the characteristics of the defect or the surrounding circumstances do not increase the risks it poses" (Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 79; see Tamburo v Long Is. Univ., 229 AD3d 828, 829).
Here, the defendant failed to establish, prima facie, that there was no dangerous or defective condition in the area of the concrete floor where the accident occurred (see Voloshin v Trump Vil. Section 3, Inc., 209 AD3d 797, 798) or that any such condition was trivial and, therefore, not actionable as a matter of law (see Hutchinson v Sheridan Hill House Corp., 26 NY3d at 82-83; Voloshin v Trump Vil. Section 3, Inc., 209 AD3d at 798). Further, the defendant failed to establish, prima facie, that it did not have actual or constructive notice of a dangerous or defective condition in that area (see Cummins v New York Methodist Hosp., 85 AD3d 1082, 1083; Scala v Port Jefferson Free Lib., 255 AD2d 574, 574).
The defendant's remaining contention is without merit.
Accordingly, since the defendant failed to establish its prima facie entitlement to judgment as a matter of law, the Supreme Court properly denied its motion for summary judgment dismissing the complaint, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
BARROS, J.P., CHAMBERS, WARHIT and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court