■ Menas Papakanakis, an Infant, by Irene Papakanakis, His Parent and Natural Guardian, et al., Respondents, v City of New York et al., Appellants. [646 NYS2d 3] —Order of the

Supreme Court, New York County (Jane Solomon, J.), entered on or about March 13, 1995, which denied defendants' motion and cross-motion for summary judgment dismissing the complaint and all cross claims against them, is unanimously reversed, on the law, without costs or disbursements, and the motion and cross-motion granted. The Clerk is directed to enter judgment in favor of the defendants dismissing the complaint.

The infant plaintiff, who was $16^1/2$ at the time of the accident, was injured at the Wollman rink when he skated in size 13 skates. (Although he had asked for size $10^1/2$, only size 13 skates were available at the rental counter.) The skates felt loose while he was skating and he fell fracturing his right ankle.

Although the $16^1/2$ year old claimed to be a newcomer to ice skating, he conceded that he regularly played several other sports and never wore improperly fitting footwear while participating in those sports. By his own admission, the plaintiff selected skates which he knew were much too large and ill-fitting. Plaintiff, who seeks damages for an injury incurred in a sports activity in which he voluntarily participated despite the obvious existence of a potentially dangerous condition, cannot recover by reason of assumption of the risk (*see, Benitez v New York City Bd. of Educ.*, 73 NY2d 650, 657).

Nor was plaintiff compelled to skate in grossly oversized skates because an employee at the skate rental counter allegedly told him that his admission fee would not be refunded. Plaintiff concededly did not try to obtain a refund at the admission booth and was not under the "compulsion of a superior" in accepting and skating in the wrong-sized skates (*supra*, at 658). Concur—Murphy, P. J., Wallach, Ross, Nardelli and Williams, JJ.