■ Loraine Roe, Appellant, v Keane Stud Farm et al., Respondents. [690 NYS2d 336] —Cardona, P. J. Appeal from that part of an order of the Supreme Court (Bradley, J.), entered September 8, 1998 in Ulster County, which partially granted defendants' motion for summary judgment.

Plaintiff, an experienced horse trainer, arrived at defendant Keane Stud Farm (hereinafter the farm) in the Town of Amenia, Dutchess County, on October 11, 1995 to pick up a horse that was to be loaded into her trailer. The horse, which had been tranquilized, refused to step onto the ramp and, when plaintiff attempted to assist the employees by putting her hand on the horse's shoulder, the horse kicked her in the thigh. The employees helped plaintiff into a pickup truck and proceeded to take her to the hospital; however, while en route, plaintiff was transferred to an ambulance.

Plaintiff commenced this negligence action against the farm and its owner. Following joinder of issue, defendants moved for summary judgment dismissing the complaint based solely on the theory that plaintiff had assumed the risk of her injury. Supreme Court found a question of fact as to whether defen-

dants were negligent in moving plaintiff after the accident. The court, however, further held there was no proof that defendants acted negligently in attempting to load the horse into the trailer and, even assuming defendants' negligence, the sole cause of plaintiff's injuries was her own conduct. Plaintiff now appeals from that part of Supreme Court's order.*

Initially, we note that the doctrine of *primary* assumption of risk presents a complete bar to a defendant's liability and is limited to situations in which a plaintiff has been injured "while voluntarily participating in a sporting or entertainment activity" (*Comeau v Wray*, 241 AD2d 602, 604; *see, Stirpe v Maloney & Sons*, 252 AD2d 871, 872; *Boyce v Vazquez*, 249 AD2d 724, 726). If such an activity is not involved, a defendant remains potentially liable for a plaintiff's injury and the comparative negligence statute (*see,* CPLR 1411) operates to "reduce[ ] the plaintiff's recovery in the proportion which his or her conduct bears to the defendant's culpable conduct" (*Cohen v Heritage Motor Tours*, 205 AD2d 105, 108; *see, Turcotte v Fell*, 68 NY2d 432, 438; *Stirpe v Mahoney & Sons, supra,* at 872).

The record herein discloses that plaintiff had been in the horse training business for approximately 20 years. She arrived at the farm with her trailer to bring the horse back to a training facility. The horse was a large three-year-old colt which she knew had not been broken. Plaintiff was aware that the horse had been given a tranquilizer and observed that he was apprehensive. When the horse stopped at the ramp, plaintiff volunteered her assistance. She stated that she was kicked when she touched his shoulder to make him comfortable.

Despite plaintiff's occupation and experience in dealing with horses, we agree with Supreme Court that she was not involved in an athletic or entertainment-related activity at the time of the accident. Therefore, the doctrine of *primary* assumption of risk is not applicable to totally insulate defendants from liability (*see, e.g., Corrigan v Musclemakers, Inc.*, 258 AD2d 861; *cf., Lewis v Erie County Agric. Socy.*, 256 AD2d 1114). Proof that plaintiff assumed the risk of injury herein by her actions may be considered by the trier of fact when applying the comparative negligence statute (*see,* CPLR 1411).

However, we find that Supreme Court erred in ruling as a matter of law that there was no negligence by defendants prior

---

* Defendants' argument that the notice of appeal fails to adequately preserve the issues raised by plaintiff is unpersuasive.

to the accident. We note that defendants' motion for summary judgment was premised solely on the doctrine of assumption of risk and not on the issue of their negligence. Plaintiff was not provided the opportunity to submit proof in that regard. In any event, plaintiff alleged in her bill of particulars that defendants were negligent in, *inter alia*, failing to warn her of the dangerous propensities of the horse, and administering the incorrect dosage and wrong medication to the horse. Upon the record before us, these allegations cannot be decided as a matter of law. Accordingly, defendants' motion should have been denied in its entirety. In view of our disposition, we need not consider plaintiff's remaining claims.

Crew III, Peters, Carpinello and Graffeo, JJ., concur. Ordered that the order is modified, on the law, with costs to plaintiff, by reversing so much thereof as partially granted defendants' motion for summary judgment to the extent of dismissing plaintiff's claims of negligence preceding the accident; motion denied to that extent; and, as so modified, affirmed.