■ CARMEN SARAVIA, Respondent, v MAKKOS OF BROOKLYN et al., Appellants. [694 NYS2d 393] —Order, Supreme Court, New York County (Edward Lehner, J.), entered April 24, 1998, deny-

ing defendants' motion for summary judgment, unanimously reversed, on the law, without costs, defendants' motion for summary judgment granted and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint.

Defendants lease and operate Wollman Ice Skating Rink in Central Park. Plaintiff commenced this personal injury action against defendants alleging negligence based upon a failure to warn about or prevent access to a portion of the rink where a puddle of water had formed on the ice surface. Plaintiff fell when she skated toward one of three exits from the rink and encountered a wet patch of ice. Plaintiff had previously skated on one occasion, a month earlier, when she took lessons. She heard rink attendants talk about the puddle and saw them point to it. Plaintiff also saw two or three people fall in the area and believed that the water caused their fall. The IAS Court denied defendants' motion for summary judgment based on their affirmative defense of assumption of the risk.

A participant in a recreational event such as ice skating is presumed to have assumed the risk of potentially injury-causing conditions which are known, apparent or reasonably foreseeable (*Freskos v City of New York*, 243 AD2d 364). By the same token, an operator of a sporting venue is relieved of liability for those inherent risks of the activities when the participant is "aware of the risks; has an appreciation of the nature of the risks; and voluntarily assumes the risks" (*Morgan v State of New York*, 90 NY2d 471, 484). Any risks to plaintiff which may have been posed by the puddle were known, apparent and reasonably foreseeable to her. Plaintiff was clearly aware of the existence of the water on the ice, actually saw other skaters fall and attributed their falls to that condition. Plaintiff appreciated the risks which may have been created by the puddle. With actual knowledge of a defect and the danger it posed, plaintiff necessarily assumed the risk of injury (*Byrne v Westchester County*, 178 AD2d 575; *see also*, *Papakanakis v City of New York*, 229 AD2d 353). This is not a case where a skater was forced to suffer the consequences of an increased risk nor even where she was reassured by defendants' directions or conduct. Actual knowledge of the specific defect on the surface of the ice, particularly when understood in the context of alternative exits which had no watery ice, requires a conclusion that plaintiff assumed the risk of falling and resulting injury. Concur—Ellerin, P. J., Mazzarelli, Rubin, Andrias and Buckley, JJ.