(October 26, 1999)

■ JANET LECZNAR, Respondent, v DONNA SANFORD et al., Appellants. [697 NYS2d 186] —Spain, J. Appeal from an order of the Supreme Court (Cobb, J.), entered March 11, 1999 in Ulster County, which denied defendants' motion for summary judgment dismissing the complaint.

On December 11, 1995 at approximately 4:00 P.M., plaintiff arrived at the horse farm owned and operated by defendants Donna Sanford and Gordon Sanford to visit her horse, Diamond, which she boarded at the farm. According to plaintiff's deposition testimony, she entered the front door of the barn containing the horse stalls but Diamond was not in her stall.

---

While plaintiff was walking in the walkway between the stalls toward the back of the barn, Diamond and another horse, Dee Dee, ran unattended into the barn through the back door. Dee Dee ran past plaintiff followed by Diamond. Plaintiff offered Diamond apples and, grabbing her halter, attempted to turn her around in the walkway in order to lead her to her stall which was toward the front of the barn. At that point Dee Dee—still unattended—ran up behind them and attempted to pass them in the walkway, which was partially obstructed by tack boxes and bales of hay. Dee Dee jumped and kicked plaintiff with her left hind leg, causing plaintiff to sustain serious injury including a pulverized fracture and dislocation of her right forearm and elbow.

Plaintiff commenced this action alleging that defendants were negligent in, *inter alia*, failing to warn plaintiff and in leaving the horses loose and unattended. Defendants answered and thereafter moved for summary judgment dismissing the complaint, contending that plaintiff failed to state a cause of action and that she assumed the risk. Supreme Court denied defendants' motion concluding, *inter alia*, that plaintiff's testimony indicated that she was confronted with an unexpected emergency situation which was arguably caused by defendants' negligence in allowing the two horses to run into the barn unattended.

On defendants' appeal we affirm, agreeing with Supreme Court's determination that defendants failed to demonstrate as a matter of law that plaintiff assumed the risk of these injuries. It has been recognized that where a person such as plaintiff confronts an unexpected emergency situation, the doctrine of implied assumption of risk is inapplicable (*see, Perez v Navarro*, 148 AD2d 509, 510). Plaintiff specifically testified that while alone in the barn she was unexpectedly and suddenly confronted with two unrestrained and unattended horses running loose into the barn and past her in the walkway, which she perceived to present an immediate danger to herself, to both horses and to anyone who might enter the barn. Viewing the evidence in the light most favorable to plaintiff (*see, Greco v Boyce*, 262 AD2d 734; *Boyce v Vazquez*, 249 AD2d 724, 726), we agree that there is a reasonable view of the evidence that plaintiff was confronted with a "sudden and unforeseen" occurrence not of her own making, which the jury could conceivably find to be a qualifying emergency (*MacFarland v Reed*, 257 AD2d 802, 803; *see, Rivera v New York City Tr. Auth.*, 77 NY2d 322, 327). Also, whether plaintiff's actions were reasonable and prudent in the face of this alleged emergency will be for the

trier of fact to determine (*see, MacFarland v Reed, supra,* at 803).

Moreover, plaintiff was not engaged in a recreational, entertainment or sporting activity or event at the time she sustained these injuries and, therefore, the doctrine of primary assumption of the risk does not operate to insulate defendants from all liability for these injuries (*see, Roe v Keane Stud Farm,* 261 AD2d 800; *see also, Morgan v State of New York,* 90 NY2d 471; *cf., Turcotte v Fell,* 68 NY2d 432; *Saravia v Makkos of Brooklyn,* 264 AD2d 576; *Becker v Pleasant Val. Farms,* 261 AD2d 427; *Lewis v Erie County Agric. Socy.,* 256 AD2d 1114; *Freskos v City of New York,* 243 AD2d 364; *Harrington v Colvin,* 237 AD2d 992, *lv denied* 90 NY2d 808; *Rubenstein v Woodstock Riding Club,* 208 AD2d 1160). As proof that plaintiff assumed the risk of injury may be presented to the trier of fact in its consideration of plaintiff's comparative fault under CPLR 1411 (*see, Roe v Keane Stud Farm, supra,* at 801), Supreme Court properly denied defendants' motion for summary judgment.

Mercure, J. P., Peters, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.