■ SHARAY VAUGHAN, Appellant, v SKATE KEY, INC., et al., Respondents. [704 NYS2d 252] —Order, Supreme Court, Bronx County (Jerry Crispino, J.), entered October 16, 1998, which granted defendants' motion for summary judgment dismissing the complaint, and order, same court and Justice, entered December 28, 1998, which denied, as moot, plaintiff's motion to strike defendants' answer or to compel discovery, unanimously affirmed, without costs.

Plaintiff, while skating on defendants' rink, was injured when she fell as she attempted to step over two fallen skaters. This action to recover for the injuries sustained by plaintiff in consequence of that fall was properly dismissed since plaintiff's fall and the circumstances that brought it about were reasonably foreseeable incidents of the athletic activity in which plaintiff had chosen to participate (*see*, *Savaria v Makkos of Brooklyn*, 264 AD2d 576). Moreover, given the short period in which the events culminating in plaintiff's fall materialized, a triable issue of fact has not been created as to whether defendants' skating guards failed to respond in a timely manner, much less as to whether any such failure unreasonably enhanced the ordinary risks of skating on defendants' rink. Concur—Nardelli, J. P., Williams, Tom, Lerner and Rubin, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUDY ROA, Appellant. [704 NYS2d 470] —Judgment, Supreme Court, New York County (Frederic Berman, J.), rendered March 22, 1995, convicting defendant, after a jury trial, of murder in the second degree (two counts), attempted murder in the second degree, and robbery in the first degree (two counts), and sentencing him to two concurrent terms of 25 years to life, consecutive to a term of 8⅓ to 25 years and concurrent with two concurrent terms of 8⅓ to 25 years, unanimously affirmed.

Defendant's challenge to the court's identification charge is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that the court delivered a full and complete identification charge.

We perceive no abuse of sentencing discretion. Concur—Nardelli, J. P., Williams, Tom, Lerner and Rubin, JJ.