■ Ann DiPilato et al., Respondents, v Gina M. Biaseti et al., Appellants, et al., Defendants. [776 NYS2d 581]—

In an action to recover damages for personal injuries, etc., the defendants Gina M. Biaseti, as temporary administrator for the estate of Kathleen M. Poltrack, and Frisco Farm, Inc., appeal, as limited by their brief, from so much of an order of the Supreme Court, Dutchess County (Dillon, J.), dated April 28, 2003, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Ann DiPilato (hereinafter DiPilato) was injured when she was thrown from a horse while riding at a farm leased by the defendant Frisco Farm, Inc. (hereinafter Frisco Farm). The horse was allegedly "spooked" when a horse or horses in a paddock adjacent to the trail charged at it. DiPilato and her husband commenced this action against, among others, Frisco Farm and its owner, Kathleen M. Poltrack. Poltrack subsequently died and Gina Biaseti was appointed temporary administrator of her estate. After completion of discovery, Frisco Farm and Biaseti moved for summary judgment dismissing the complaint insofar as asserted against them. They contended that DiPilato assumed the risk of being thrown from a "spooked" horse and, in any event, had signed a release prior to the accident absolving them of any liability for personal injury. The Supreme Court denied the motion, concluding that the release did not insulate Frisco Farm and Poltrack from liability and that, while DiPilato assumed the risk that her horse would be frightened by other horses in the paddock, there were questions of fact as to whether an unconfined and unattended horse also "spooked" her horse and, if so, whether Frisco Farm and Poltrack breached a duty to keep all horses confined and attended. We affirm, but on somewhat different grounds.

The Supreme Court correctly concluded that the release did not clearly and unequivocally insulate Frisco Farm and Poltrack from liability for their own negligent acts (*see Gross v Sweet,* 49 NY2d 102 [1979]; *Conteh v Majestic Farms,* 292 AD2d 485 [2002]). Since the release is not applicable to the alleged negligence of Frisco Farm and Poltrack, it is unnecessary to reach the issue of whether the release would otherwise be unenforceable pursuant to General Obligations Law § 5-326.

Frisco Farm and Biaseti demonstrated their entitlement to judgment as a matter of law on the ground that DiPilato assumed the risk of being thrown from a frightened horse. In opposition, the plaintiffs contended that Frisco Farm and Poltrack enhanced the risk of injury by inadequately training and supervising DiPilato and by placing aggressive horses in a paddock near the trail. They did not contend that DiPilato's horse was "spooked" by an unconfined and unattended horse. While the plaintiffs failed to demonstrate the existence of a question of fact regarding alleged inadequate supervision and training, they did come forward with evidence sufficient to raise a triable issue of fact as to whether Frisco Farm and Poltrack unreasonably increased the risk of injury by placing horses in the paddock adjacent to the trail, allegedly with knowledge that the horses were aggressive and would run at the fence when another horse passed by (*see Morgan v State of New York*, 90 NY2d 471, 485 [1997]; *Owen v R.J.S. Safety Equip.*, 79 NY2d 967, 970 [1992]). Accordingly, the respondents were not entitled to summary judgment. Altman, J.P., S. Miller, Krausman and Cozier, JJ., concur.