■ Robert Gordon et al., Appellants, v George Davidson, as Administrator of the Estate of Peter A. Bliven, Deceased, Respondent. [927 NYS2d 734]—

Mercure, J.P.

In May 2005, plaintiff Robert Gordon (hereinafter plaintiff) was walking his dog past the home of Peter A. Bliven* when Bliven's two dogs, Sheeba and Storm, charged out from the driveway of the house. Before plaintiff was able to chase them away with a stick, Sheeba bit plaintiff's dog and knocked plaintiff to the ground. Plaintiff and his wife, derivatively, commenced this action seeking to recover damages for injuries plaintiff allegedly sustained due to the attack. Upon defendant's motion for summary judgment, Supreme Court dismissed the complaint, finding that defendant met his initial burden of establishing that Bliven had neither actual nor constructive knowledge that either of his dogs had vicious propensities, and that plaintiffs failed to raise an issue of fact. Plaintiffs now appeal, and we affirm.

We reject plaintiffs' argument that the vicious propensity doctrine is misplaced in this case, and that they are entitled to recover under a common-law negligence theory based upon Bliven's failure to restrain his dogs. "The Court of Appeals has made clear that a cause of action for ordinary negligence does not lie against the owner of a domestic animal which causes injury. Rather, the sole viable claim is for strict liability," which must be established by "evidence that the animal's owner had notice of its vicious propensities" (*Alia v Fiorina*, 39 AD3d 1068, 1069 [2007] [citations omitted]; *see Petrone v Fernandez*, 12 NY3d 546, 550 [2009]; *Bard v Jahnke*, 6 NY3d 592, 599 [2006]; *Collier v Zambito*, 1 NY3d 444, 446-448 [2004]). Accordingly, because a claim sounding in negligence does not lie and plaintiffs have not raised a question of fact regarding whether Bliven had actual or constructive knowledge of any vicious propensities on the part of his dogs, Supreme Court properly dismissed the complaint.

---

* Bliven, who was the original named defendant, died during the pendency of this action and was replaced by the administrator of his estate.

Peters, Malone Jr., Kavanagh and Stein, JJ., concur. Ordered that the order is affirmed, with costs.