■ ANDREA FILER et al., Respondents, v MEGAN ADAMS, Appellant. [966 NYS2d 553]—

Spain, J. Appeal from an order of the Supreme Court (Pritzker, J.), entered June 12, 2012 in Washington County, which denied defendant's motion for summary judgment dismissing the complaint.

One evening in June 2008 around 6:30 p.m., plaintiff Andrea Filer (hereinafter plaintiff) and her daughter were riding their horses along Riley Hill Road, a public highway in the Town of Salem, Washington County. At the same time, defendant was jogging along the same road with her son in a stroller and her two dogs by her side. Plaintiff and her daughter noticed that the horses' ears flickered and they stiffened, apparently hearing sounds from behind, and they stopped to calm the horses. The riders looked back and saw defendant. Plaintiff and her daughter testified at a deposition that plaintiff twice yelled to defendant to "please stop"; plaintiff testified that defendant replied "no" and continued on. Plaintiff and her daughter also claimed that defendant's dogs were unleashed, while defendant testified they were on leashes strapped to the stroller. Defendant testified that, upon observing plaintiff having difficulty controlling her horse, she slowed to a walk, which plaintiff did not contradict, and she denied ever hearing plaintiff's request for her to stop. At that time, while defendant was still about 50 yards behind the riders, one of defendant's dogs barked and the horses both abruptly broke into a canter or a run. Plaintiff, who was not wearing a helmet, fell from her horse seconds later and sustained serious injuries.

Thereafter, plaintiff and her husband, derivatively, commenced this action against defendant. Defendant sought summary judgment, arguing that plaintiff, who was an experienced horseback rider, assumed the risks commonly associated with that activity, thereby absolving defendant of liability for plaintiff's injuries. Supreme Court denied defendant's motion for summary judgment and this appeal ensued.

The parties have focused on the defense of primary assumption of risk, a "closely circumscribed" doctrine applied only in the "limited context" (*Trupia v Lake George Cent. School Dist.*, 14 NY3d 392, 395 [2010]) of qualified and "particular athletic and recreative activities" (*Custodi v Town of Amherst*, 20 NY3d 83, 88 [2012]). We find, however, that there is no proof whatsoever that plaintiff was engaged in a qualified activity that was "sponsored or otherwise supported by the defendant" or that plaintiff's injury "occurred in a designated athletic or recreational venue" and, therefore, the doctrine of primary assumption of the risk is not applicable to insulate defendant from all liability for plaintiff's injuries (*Custodi v Town of Amherst*, 20

NY3d at 88; *see Trupia v Lake George Cent. School Dist.*, 14 NY3d at 395-396; *Lecznar v Sanford*, 265 AD2d 728, 730 [1999]; *Roe v Keane Stud Farm*, 261 AD2d 800, 801 [1999]; *contrast Soloman v Taylor*, 91 AD3d 1180, 1181 [2012] [horseback riding plaintiff thrown from horse spooked by dogs on the defendant's property, where the plaintiff boarded her horse]). Since such qualified activity was not involved, "defendant remains potentially liable for . . . plaintiff's injury and the comparative negligence statute (*see,* CPLR 1411) operates to reduce[ ] the plaintiff's recovery in the proportion . . . her conduct bears to . . . defendant's culpable conduct" (*Roe v Keane Stud Farm*, 261 AD2d at 801 [internal quotation marks and citation omitted]; *see Turcotte v Fell*, 68 NY2d 432, 438 [1986]; *Lecznar v Sanford*, 265 AD2d at 730).

Nevertheless, viewing the evidence most favorably to plaintiffs, defendant is entitled to summary judgment dismissing the complaint. Initially, to the extent that plaintiffs rely upon negligence principles to hold defendant liable for the actions of her dog in barking at the horses and causing plaintiff's injuries, "[t]he Court of Appeals has made clear that a cause of action for ordinary negligence does not lie against the owner of a domestic animal* which causes injury. Rather, the sole viable claim is for strict liability," which must be established by "evidence that the animal's owner had notice of its vicious propensities" (*Alia v Fiorina*, 39 AD3d 1068, 1069 [2007] [citations omitted]; *see Petrone v Fernandez*, 12 NY3d 546, 550 [2009]; *Bard v Jahnke*, 6 NY3d 592, 599 [2006]; *Collier v Zambito*, 1 NY3d 444, 446-448 [2004]; *Bloomer v Shauger*, 94 AD3d 1273, 1274-1275 [2012], *affd* 21 NY3d 917 [2013]; *Gordon v Davidson*, 87 AD3d 769, 769 [2011]). This principle applies, even here, where any claim by plaintiffs would be grounded in defendant's own alleged negligence in not preventing her dogs from barking or allowing them to be unleashed (*see Petrone v Fernandez*, 12 NY3d at 550; *Doerr v Goldsmith*, 105 AD3d 534, 535 [1st Dept 2013]; *Gordon v Davidson*, 87 AD3d at 769; *Curbelo v Walker*, 81 AD3d 772, 774 [2d Dept 2011]; *Vichot v Day*, 80 AD3d 851, 852 [2011]; *Rose v Heaton*, 39 AD3d 937, 939 [2007]).

Plaintiffs did not allege in their complaint that defendant should be strictly liable for the injuries caused by the barking actions of her dog or that defendant had actual or constructive

---

* While dogs are not listed as "domestic animals" in Agriculture and Markets Law § 108 (7), they have been treated as such under our common law (*see e.g. Petrone v Fernandez*, 12 NY3d 546, 550 [2009]; *Collier v Zambito*, 1 NY3d 444, 446 [2004]; *Hahnke v Friederich*, 140 NY 224, 227 [1893]).

knowledge of any vicious propensities on the part of her dogs (*see Gordon v Davidson*, 87 AD3d at 769). Further, even had plaintiffs pleaded a strict liability claim, their allegations that defendant violated the leash law would be "irrelevant" (*Petrone v Fernandez*, 12 NY3d at 550 [internal quotation marks and citation omitted]). Moreover, there is no evidence that defendant's alleged failure to leash her dogs was a proximate cause of the accident (*see Plante v Hinton*, 271 AD2d 781, 782 [2000]). Plaintiff did not claim that the dogs ran away from defendant, came into contact with or in proximity to the horses or plaintiff, that the horses were somehow cognizant that the dogs lacked leashes, or that leashes would have prevented the dog from barking, which plaintiffs claimed was the trigger for the horses' flight and plaintiff's fall.

Thus, the only remaining allegation on which plaintiffs could base a negligence claim is that defendant was negligent by continuing to approach despite plaintiff's request that she stop. Even assuming, without deciding, that this Court were to recognize that defendant had a duty under this scenario to take further efforts to minimize the reaction of plaintiff's horses to her presence—which we find a dubious concept, at best—plaintiffs have not alleged any facts from which it could be concluded that defendant breached any such duty (*see Plante v Hinton*, 271 AD2d at 782; *Estes v New York State Saddle Horse Assn.*, 188 AD2d 857, 860 [1992]; *compare DiPilato v Biaseti*, 6 AD3d 648, 650 [2004]; *Millan v Brown*, 295 AD2d 409, 410 [2002]). "The mere act of [walking] . . . in close proximity to an unknown horse, as the complaint alleges, does not present an issue of negligence, as a matter of law" (*Estes v New York State Saddle Horse Assn.*, 188 AD2d at 860). In this regard, defendant—who had no prior experience with horses—was walking on a public highway, where she had every right to be (*see* Vehicle and Traffic Law § 1156 [b]). She slowed down to evaluate the horses and riders ahead of her, and, while she did not stop, she was still 50 yards away when plaintiff and her daughter lost control of their horses. Moreover, plaintiffs' negligence claim also fails because they alleged no facts from which it could be inferred that defendant's actions, in walking on a public street or otherwise, were the proximate cause of plaintiff's injuries (*see Plante v Hinton*, 271 AD2d at 782). Accordingly, defendant is entitled to summary judgment.

Rose, J.P., McCarthy and Egan Jr., JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant and complaint dismissed.