■ SHAKURA T., an Infant by Her Mother and Natural Guardian, EVELINE D., et al., Appellants, v CITY OF NEW YORK et al., Respondents. [983 NYS2d 791]—

Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered November 23, 2012, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Where students are engaged in wholly voluntary extracurricular athletic endeavors, the school sponsoring such activity is under a duty of ordinary reasonable care, a duty to protect student athletes from unassumed, concealed or unreasonably increased risks (*see Benitez v New York City Bd. of Educ.*, 73 NY2d 650, 654 [1989]; *Barretto v City of New York*, 229 AD2d 214, 218 [1st Dept 1997], *lv denied* 90 NY2d 805 [1997]). Here, plaintiff assumed the risk that she might lose her balance and fall while roller skating (*see Vaughan v Skate Key*, 270 AD2d 103 [1st Dept 2000]; *Lopez v Skate Key*, 174 AD2d 534 [1st Dept 1991]).

"Logically, once a plaintiff has assumed a risk, recovery premised on injury attributable to the risk assumed is barred. Recovery may not, in such a circumstance, be had on a theory of negligent supervision" (*Roberts v Boys & Girls Republic, Inc.*, 51 AD3d 246, 251 [1st Dept 2008], *affd* 10 NY3d 889 [2008]). Thus, since plaintiffs fail to point to any evidence that defendants concealed or unreasonably increased the risk to the infant plaintiff, their claim of negligent supervision necessarily fails (*compare Ross v New York Quarterly Mtg. of Religious Socy. of Friends*, 32 AD3d 251 [1st Dept 2006]; *Traficenti v Moore Catholic High School*, 282 AD2d 216 [1st Dept 2001]). Concur—Mazzarelli, J.P., Friedman, DeGrasse, Freedman and Kapnick, JJ.