Order, Supreme Court, Bronx County (Larry S. Schachner, J), entered June 7, 2013, which denied defendant’s motion for *421 summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Plaintiff was having a football catch with a friend on the handball courts at the Jerome Playground South. While running, he tripped over the raised, cracked, and uneven edge of the concrete sidewalk adjacent to the paved court. There was also a gap of approximately one inch between the two slabs.
The doctrine of primary assumption of risk provides that a voluntary participant in a sporting or recreational activity “consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation” (Morgan v State of New York, 90 NY2d 471, 484 [1997]). This includes risks associated with the construction of the playing surface, including risks involving less than optimal conditions (Bukowski v Clarkson Univ., 19 NY3d 353 [2012]; Ziegelmeyer v United States Olympic Comm., 7 NY3d 893 [2006]; Maddox v City of New York, 66 NY2d 270 [1985]). “If the risks are known by or perfectly obvious to the player, he or she has consented to them and the property owner has discharged its duty of care by making the conditions as safe as they appear to be” (Brown v City of New York, 69 AD3d 893, 893-894 [2d Dept 2010] [“plaintiff assumed the risk of injury by voluntarily participating in the football game despite his knowledge that doing so could bring him into contact with the open and obvious cement strip in the out-of-bounds area of the field”]).
The assessment of awareness must take place against a particular plaintiffs skill and experience (see Joseph v New York Racing Assn., 28 AD3d 105, 111 [2d Dept 2006]). Here, the 26-year-old plaintiff was familiar with the risks inherent in the sport of football, such as the risk of falling while running to catch a ball. He had been to Jerome Playground South to play football or baseball at least 15 times previously and was generally aware of defects in the park. Although plaintiff alleges that he did not see the particular defect that caused him to trip before he fell, cracks in the concrete were visible to a person walking by and nothing covered or concealed the open and obvious condition. Given these circumstances, the primary assumption of risk doctrine is applicable “because plaintiff was involved in an athletic activity at a designated venue and was aware of the perfectly obvious risk of playing on the cracked court” (Williams v New York City Hous. Auth., 107 AD3d 530, 531 [1st Dept 2013]; see also Felton v City of New York, 106 AD3d 488 [1st Dept 2013]; Lincoln v Canastota Cent. School Dist., 53 AD3d 851 [3d Dept 2008]).
*422 Plaintiffs argument that the primary assumption of risk doctrine does not apply because he was involved in a leisurely game of catch, not an organized sporting event or recreational activity, is without merit. The accident involved a sporting or recreational activity that “occurred in a designated athletic or recreational venue” (Custodi v Town of Amherst, 20 NY3d 83, 88 [2012]; see also Filer v Adams, 106 AD3d 1417 [3d Dept 2013]).
Concur—Tom, J.P, Renwick, Andrias, Freedman and Clark, JJ.