■ BERNARD KIM, Respondent, v HARRY HANSON, INC., Appellant. [997 NYS2d 391]—

Order, Supreme Court, New York County (Ellen M. Coin, J.), entered August 19, 2013, which, insofar as appealed from, denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff sustained injuries while engaged in a personal train-

ing program, under a trainer's supervision and instruction, at a one-on-one training facility owned and operated by defendant. Plaintiff alleges, inter alia, that the personal trainer negligently instructed and supervised him in the lifting of an excessive amount of weight.

Prior to beginning training at defendant's facility, plaintiff executed a release wherein he acknowledged that there were "inherent risks in participating in a program of strenuous exercise" and released defendant from "all claims . . . which I . . . may have against [defendant] . . . for all injuries . . . which may occur in connection with my participation in the program." It is undisputed that General Obligations Law § 5-326 does not bar enforcement of this release as defendant's facility is an instructional, and not a recreational, one. However, the language of the release does not reflect a clear and unequivocal intent to limit liability for negligence (*see Gross v Sweet*, 49 NY2d 102 [1979]). While the release warned of the risks inherent in undergoing a strenuous exercise program, it does not "express[ ] any intention to exempt . . . defendant from liability for injury . . . which may result from [its] failure to use due care . . . in [its] training methods" (*id.* at 109). Unlike in *Debell v Wellbridge Club Mgt., Inc.* (40 AD3d 248 [1st Dept 2007]), the release does not purport to release defendant from all personal injury claims, *"whether or not based on the acts or omissions of [defendant],"* or contain other language conveying a similar import (*id.* at 248; *see also Gross* at 108). Concur—Gonzalez, P.J., Mazzarelli, Manzanet-Daniels, Gische and Clark, JJ.