■ Jo Hsu, Appellant, v Krav Maga NYC, LLC, Doing Business as Krav Maga Academy, Respondent. [29 NYS3d 307]—

Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered April 9, 2015, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The "Release of Liability, Waiver of Claims, Assumption of Risks and Indemnity Agreement" (release) that plaintiff signed as a condition of participating in defendant's self-defense training class "expresses in unequivocal terms the intention of the parties to relieve . . . defendant of liability for [its] negligence," and is thus enforceable (*see Lago v Krollage*, 78 NY2d 95, 99-100 [1991]). It states that defendant is not responsible for "any injury, loss or damage of any kind sustained by any person while participating in the classes," and that plaintiff agreed "to assume and accept all risks arising out of, associated with or

related to [her] participating in the class" (including risks that were "caused by the negligence of [defendant]") and "to hold harmless and indemnify [defendant] . . . from any and all claims, demands, actions and costs which might arise out of [her] participating in the class."

Plaintiff argues that defendant may not rely on the copy of the release included in its moving papers because the copy was not certified or otherwise authenticated by affidavit. However, plaintiff identified her handwriting and signature on that very copy of the release at her deposition, raising no objection to its authenticity at that time. Moreover, the motion court properly allowed defendant to remedy the alleged defect by including in its reply papers an additional copy of the release accompanied by an affidavit by its CEO attesting that the copy was made from the original release kept in its records (see *Matter of Kennelly v Mobius Realty Holdings LLC*, 33 AD3d 380, 381-382 [1st Dept 2006]; *Ramales v Pecker Iron Workers of Westchester, Inc.*, 114 AD3d 920 [2d Dept 2014], *lv dismissed* 24 NY3d 949 [2014]). Plaintiff's argument that the release is void because the copy included in defendant's moving papers does not comply with CPLR 4544 is unsubstantiated (see *Tsadilas v Providian Natl. Bank*, 13 AD3d 190 [1st Dept 2004], *lv denied* 5 NY3d 702 [2005]).

Plaintiff argues that an issue of fact exists whether defendant offers recreational as well as instructional uses and therefore whether defendant is barred by General Obligations Law § 5-326 from exacting a release from participants. However, defendant's name, promotional literature, and class schedules, as well as plaintiff's deposition testimony and the testimony of another member of the facility and defendant's CEO, establish as a matter of law that defendant's purpose is instructional and that its members' use of its fitness equipment is "ancillary" to the self-defense training (see *Debell v Wellbridge Club Mgt., Inc.*, 40 AD3d 248, 250 [1st Dept 2007]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Acosta, J.P., Renwick, Manzanet-Daniels, Kapnick and Webber, JJ.