OPINION OF THE COURT Per Curiam. Judgment, entered on or about November 10, 2015, affirmed, without costs. The trial court achieved “substantial justice” consistent with substantive law principles (CCA 1807; Williams v Roper, 269 AD2d 125 [2000], lv dismissed 95 NY2d 898 [2000]) in resolving the liability aspect of this small claims action in plaintiff’s favor. The evidence permits a finding that, while plaintiff dog groomer may have assumed the risk of being bitten by a dog while performing her services, she did not assume the concealed or unreasonably increased risk (see Benitez v New York City Bd. of Educ., 73 NY2d 650, 658 [1989]) of defendant store owners’ negligent failure to screen for proper immunization paper work prior to offering plaintiff a dog for grooming, in violation of defendants’ express promise to plaintiff (see generally Roe v Keane Stud Farm, 261 AD2d 800 [1999]). After being bitten by a dog, plaintiff was properly awarded damages for the associated treatment of a documented infection caused by defendants’ own negligence in providing a dog to her that was not screened and did not receive proper immunizations, and for pain and suffering incurred because of the medical treatment. Schoenfeld, J.P., Ling-Cohan and González, JJ., concur.