Baron v Southeast Sports Complex, LLC (2018 NY Slip Op 07698)





Baron v Southeast Sports Complex, LLC


2018 NY Slip Op 07698


Decided on November 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2016-06971
2016-11674
 (Index No. 56545/15)

[*1]Alexander Baron, appellant, 
v
Southeast Sports Complex, LLC, et al., respondents.


Scott Baron & Associates, P.C., Yonkers, NY (Michael Stieglitz and Bruce Baron of counsel), for appellant.
Chesney & Nicholas, LLP, Syosset, NY (Henry D. Nelkin of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Terry Jane Ruderman, J.), dated June 16, 2016, and (2) an order of the same court dated October 18, 2016. The order dated June 16, 2016, granted the defendants' motion for summary judgment dismissing the complaint. The order dated October 18, 2016, insofar as appealed from, denied that branch of the plaintiff's motion which was for leave to renew his opposition to the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order dated June 16, 2016, is affirmed; and it is further,
ORDERED that the order dated October 18, 2016, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
The plaintiff, while practicing ice hockey with two teammates at an outdoor ice skating facility owned by the defendant Southeast Sports Complex, LLC, allegedly was injured when he fell due to a divot in the ice. The plaintiff, who was a member of his school's ice hockey team and had been ice skating for many years, testified at his deposition that the accident occurred on a warm day and that there were puddles of water on the ice surface.
The defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff, an experienced ice skater, voluntarily continued to skate despite the allegedly defective condition of the skating rink surface, and thus assumed the risk (see Morgan v State of New York, 90 NY2d 471; Stanger v M & T Pretzel, 5 AD3d 471; Rensing v Iceland, Inc., 276 AD2d 614; Saravia v Makkos of Brooklyn, 264 AD2d 576). In opposition, the plaintiff failed to raise a triable issue of fact. Therefore, we agree with the Supreme Court's determination granting the defendants' motion for summary judgment dismissing the complaint.
Moreover, we agree with the Supreme Court's determination denying that branch of [*2]the plaintiff's motion which was for leave to renew his opposition to the defendant's motion. The plaintiff failed to proffer any new facts which would have changed the court's prior determination (see CPLR 2221[e][3]).
RIVERA, J.P., CHAMBERS, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court