Shaw v AKT Inmotion Inc. (2022 NY Slip Op 02519)

Shaw v AKT Inmotion Inc.

2022 NY Slip Op 02519

Decided on April 19, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 19, 2022

Before: Gische, J.P., Webber, Scarpulla, Rodriguez, Higgitt, JJ. 

Index No. 160167/18 Appeal No. 15743 Case No. 2021-01888 

[*1]Christine Shaw, Plaintiff-Respondent,
v
AKT Inmotion Inc., et al., Defendants-Appellants.

Morris Duffy Alonso Faley & Pitcoff, New York (Iryna S. Krauchanka and Kevin A. Faley of counsel), for appellants.
Halperin & Halperin, P.C., New York (Jeffrey Weiskopf of counsel), for respondent.

Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered on or about May 18, 2021, which, to the extent appealed, denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Even assuming the "Release of Liability and Assumption of Risk" executed by plaintiff can be read to exculpate defendants from the consequences of their own negligence (cf. Gross v Sweet, 49 NY2d 102 [1979]), there are issues of fact as to whether defendants' facility offers recreational as well as instructional uses, and therefore as to whether the release is void pursuant to General Obligations Law § 5-326 where plaintiff was allegedly injured during defendant's resistance-band exercise class (see Hsu v Krav Maga NYC, LLC, 138 AD3d 463, 464 [1st Dept 2016]). Deposition testimony by the facility's founder shows that defendants' specialized fitness classes could be considered both instructional and recreational in purpose. Defendants have offered no documentary evidence that General Obligations Law § 5-326 bars enforcement of the release on the ground that their classes were primarily instructional (see Kim v Harry Hanson, Inc., 122 AD3d 529, 530 [1st Dept 2014]; Debell v Wellbridge Club Mgt., Inc., 40 AD3d 248, 249-250 [1st Dept 2007]).
The records also present factual issues as to whether plaintiff assumed the risks of the class activity (see Latimer v City of New York, 118 AD3d 420, 421 [1st Dept 2014]). Plaintiff testified that she was inexperienced in the use of the stretching bands and that the class instructor did not give prior instruction regarding their use. The testimony also raises an issue of fact as to whether plaintiff was given sufficient information to fully appreciate the risks of the specific exercise in question (see id.).
We have considered defendants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 19, 2022